**Jessie James DAVIS, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–92–265–CR.**

Court of Appeals of Texas, Eastland.

May 27, 1993.

Rehearing Denied July 15, 1993.

Stan Brown, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Nelda Williams, Att: Appellate Section, Crim.

Dist. Attorney's Office, Abilene, for appellee.

### Opinion

ARNOT, Justice.

In a trial before the court, the court found Jessie James Davis, Jr., appellant, guilty of possession of cocaine, found the enhancement allegations untrue, and assessed punishment at confinement for 15 years. Appellant brings one point of error complaining of the sufficiency of the evidence. We affirm.

On the night of the incident, May 29, 1992, several policemen, having finished their shift, were visiting in the parking lot of the Law Enforcement Center before going home. It was approximately 2:30 in the morning. As the eight officers watched, two cars came around the corner; the second car was pursuing the first. The rear car rammed the front car. When the cars stopped, the officers, with their weapons drawn, ran the 10 to 15 yards to the vehicles.

Having witnessed a vehicular assault, Officer Leo Joseph Tauer, III, ran around the second vehicle and removed the driver. Officer Tauer searched the driver for weapons. He did not find a weapon, but, from the pat-down search, he did discover rock cocaine in the top pocket of the driver's bib overalls.

Officer Terrill Ledd Perkins, Jr., went to the passenger's side of the car. He told the occupants to place their hands on the dash. Officer Perkins then took appellant out of the car, handcuffed him, and patted him down for weapons. No weapons or drugs were found on appellant. Appellant had approximately $300 in his pocket.

Officer James Brown searched the vehicle. Officer Brown found a small, blue plastic bag with two rocks of crack cocaine in it. The baggie was located on the floorboard next to the hump on the front passenger's side of the vehicle. Brown said that the baggie was in plain view on the floor almost underneath the seat; it was the first thing he saw when he looked down.

In his sole point of error, appellant complains that the evidence is insufficient to prove that he possessed the cocaine. In determining the sufficiency of the evidence, an appellate court must, while viewing all of the evidence in the light most favorable to the verdict, determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, custody, control, and management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Oaks v. State*, 642 S.W.2d 174 (Tex.Cr.App.1982). When the accused is not in the exclusive control of the place where the substance is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Pollan v. State*, 612 S.W.2d 594 (Tex.Cr.App. 1981); *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App.1977). The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. These elements may be proved circumstantially. *McGoldrick v. State*, 682 S.W.2d 573 (Tex.Cr.App.1985).

Appellant argues that the only affirmative link was his proximity to the baggie of cocaine. Therefore, urging *Humason v. State*, 728 S.W.2d 363 (Tex.Cr.App.1987), as authority, appellant contends that it is not enough for the State to show that he was merely present in the vicinity of the controlled substance.

First, we believe that the circumstances under which appellant was arrested are significantly different from the facts the Court of Criminal Appeals addressed in *Humason*. Humason was the sole occupant of the vehicle, which was stopped for speeding at 9:30 at night. After determin-

ing that Humason was driving in violation of his restricted driver's license, the officer arrested Humason and searched his vehicle, resulting in the discovery of the contraband.

In this case, appellant's car was involved in chasing another vehicle and ramming it. Certainly such act, never prudent, was less so at 2:30 in the morning 15 yards from a parking lot full of uniformed police officers. Appellant's driver was found to be in personal possession of cocaine.

The cocaine was in close proximity to appellant. Officer Brown stated that the baggie was an inch or so from appellant's seat. When approaching the vehicle, Officer Brown observed appellant making furtive gestures: "[G]oing towards the bottom of the passenger's seat." Officer Perkins stated that, although he could not see their hands, both of the occupants were making "furtive movements; their hands were low, possibly putting things underneath the seat." Officer Perkins said that the movements made him nervous. The baggie found at appellant's feet contained several rocks of cocaine: one was .26 grams and another was .13 grams.

Although the vehicular assault could have been related to a non-drug dispute, a rational trier of fact considering the assault with appellant's proximity to the drugs, his furtive gestures, and the usable amount of the five rocks of cocaine found in the baggie could have concluded that appellant exercised care, custody, and control over the cocaine. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.