11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Jesse Dan Cates

Appellant

Vs.                   No.  11-01-00090-CR B Appeal from Stephens County

State of Texas

Appellee

 

A jury
convicted Jesse Dan Cates of possession of a controlled substance in a
drug-free zone and assessed his punishment at 25 years confinement and a
$10,000 fine.  We affirm.

Appellant
asserts the following points of error: 
(1) the trial court erred in denying the amended motion to suppress
evidence and in refusing to allow appellant to put on witnesses in connection
with the hearing; (2) trial counsel provided ineffective assistance by failing
to file a motion to identify informant and by failing to have a full hearing to
disclose the identity of the informant; (3) trial counsel provided ineffective
assistance by failing to preserve the testimony of witnesses in support of the
motion to suppress; and (4) the evidence is insufficient to prove that appellant
had possession and control of over 4 grams of a controlled substance.

In his
first point of error, appellant argues that the trial court erred in denying
his motion to suppress evidence and in refusing to allow him to put on
witnesses in connection with the hearing. 
We review a trial court=s ruling on a motion to suppress evidence for an abuse of discretion.
Balentine v. State, 71
S.W.3d 763 (Tex.Cr.App.2002).  We
reverse the trial court=s decision only when it applied
an erroneous legal standard or when no reasonable review of the record could
support the trial court=s conclusion under the correct
law and the facts viewed in the light most favorable to its legal
conclusion.  Williams v. State, 37
S.W.3d 137, 140 (Tex.App. B San Antonio 2001, pet=n ref=d).








The
affidavit supporting the search warrant reveals the following information:  (1) a confidential informant visited
appellant=s home
within 72 hours of the affidavit being made and observed Donnie Hope and Willie
Cates in possession of an off-white powder that Hope purported to be
methamphetamine; (2) the affiant, Marty Baker, an agent with the West Central
Texas Interlocal Crime Task Force, had known the confidential informant for 3
years; and (3) the informant had provided information to the affiant in the
past which had always proven to be true. 
At the suppression hearing, appellant offered no evidence to contradict
the allegations in the affidavit.

Probable
cause to support the issuance of a search warrant exists where the facts given
to the magistrate are sufficient to justify the conclusion that the object of
the search is probably on the premises to be searched at the time the warrant
is issued.  Ramos v. State, 934 S.W.2d
358, 363 (Tex.Cr.App.1996).  The
allegations are sufficient, and the trial court did not abuse its discretion in
denying the motion to suppress.

Additionally,
TEX. CODE CRIM. PRO. ANN. art. 28.01, ' 1(6) (Vernon 1989), provides
that, in conducting a hearing on a motion to suppress, a trial court may determine
the merits of the motion by considering the motion standing alone, by
considering the motion plus affidavits, or by considering the motion plus oral
testimony.  State v. Brunner, 917 S.W.2d
103, 105 (Tex.App. - San Antonio 1996, pet=n ref=d).  The three methods of consideration exist
independently of one another.  State v.
Brunner, supra at 105.

The
trial court had discretion as to what to consider in determining the merits of
the motion to suppress.  The refusal of
the trial court to require witnesses to testify at the hearing was within the
trial court=s
discretion.  The first point of error is
overruled.

In
his next two points, appellant argues that trial counsel provided ineffective
assistance of counsel.  In his second
point of error, appellant argues that trial counsel was ineffective by failing
to file a motion to identify the informant and by failing to have a hearing to
disclose the identity of the informant. 

When
confronted with a claim of ineffective assistance of counsel, this court
applies the two-part test set forth in Strickland v. Washington, 466 U.S. 668
(1984).  The first prong of the Strickland
test requires appellant to show that his counsel=s performance was Adeficient.@  Strickland v. Washington, supra at 687. A
showing that counsel was deficient requires a showing that the representation
fell below an objective standard of reasonableness.  Tong v. State, 25 S.W.3d 707, 712 (Tex.Cr.App.2000).








The
second prong of the Strickland test requires appellant to show that
there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Tong v. State, supra at
712.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, supra at 694.  There is a strong presumption that counsel=s
actions fell within the wide range of reasonable professional assistance.  Strickland v. Washington, supra at 690.  Appellant has the burden to overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  The appellate court
looks at the totality of the representation in reviewing a claim of ineffective
assistance of counsel.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Cr.App.1999); McFarland v. State, 845 S.W.2d 824,
843 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 963 (1993).

TEX.R.EVID.
508(c)(2) provides that an in-camera hearing regarding a confidential informant=s
identity is required if the defendant makes a plausible showing that the
informant=s
information is necessary to a fair determination of his guilt or
innocence.  Appellant must show that the
informant=s
testimony will significantly assist him. 
Bodin v. State, 807 S.W.2d 313, 318 (Tex.Cr.App.1991).  However, mere supposition about the
relevance of the potential testimony is insufficient.  Bodin v. State, supra at 318.

There
was no affirmative showing that the informant=s potential testimony would
significantly aid in the determination of appellant=s
guilt or innocence.  Therefore,
appellant was not entitled to learn the identity of the informant.  Counsel did not provide ineffective
assistance by failing to request that the identity of the informant be
disclosed.  The second point of error is
overruled.

In
his third point of error, appellant argues that trial counsel provided
ineffective assistance by failing to put testimony of witnesses in support of
the motion to suppress in the record by offer of proof or other means.  Appellant does not bring forth on appeal
what that testimony was.  He only
complains that trial counsel erred in not offering it.








This
is not a proper ineffective assistance challenge.  This is a type of informal fallacy that logician=s
refer to as petitio principii (begging the question).  This fallacy occurs whenever a person asks a
question which presupposes the truth of some conclusion inferred by the
question.  DOUGLAS LIND, LOGIC AND LEGAL
REASONING 276 (2001).  Without evidence
of what the potential witnesses would have testified to, this court cannot
determine either prong of the Strickland standard for review.  We cannot assume, as the issue on appeal
would have us infer, that the testimony which trial counsel failed to elicit at
the motion to suppress hearing would have made the search invalid.  Without knowing what that evidence was, we
cannot assume trial counsel erred in not offering it.  Appellant=s third point of error is
overruled.

In
his fourth point of error, appellant argues that the evidence is insufficient
to prove that he had possession and control of over four grams of a controlled
substance.  The standard of review for
legal sufficiency of the evidence is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d
126, 129 (Tex.Cr.App.1996).  In reviewing
factual sufficiency claims, we review all of the evidence in a neutral light to
determine if the verdict is clearly wrong and manifestly unjust or against the
great weight of the evidence.  Johnson
v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Clewis v. State, supra at 129.  

In
order to establish the unlawful possession of a controlled substance, the State
must prove two elements:  (1) that the
accused exercised care, control, and management over the contraband; and (2)
that the accused knew the matter possessed was contraband.  Joseph v. State, 897 S.W.2d 374, 376
(Tex.Cr.App.1995); Davis v. State, 855 S.W.2d 855, 856 (Tex.App. - Eastland
1993, no pet=n).

Appellant
was lying on the couch in his living room when the police entered his home on
the morning of February 19, 1999. 
Officer Jeremy Blackman testified that, when appellant asked if he could
put his overalls on, Stephens County Sheriff James Reeves searched them.  Sheriff Reeves found a cigarette package in
the bib pocket of the overalls which contained several baggies full of a hard,
off-white substance, later discovered to contain methamphetamine.  The overalls were located right next to the
couch where appellant had apparently been sleeping when the search warrant was
executed.

Sheriff
Reeves said that appellant had lived in the house for a long time.  Appellant had been seen in bib overalls
repeatedly.








Don
Taylor, a chemist at the Texas Department of Public Safety (DPS) crime
laboratory in Abilene, testified that the contents of the baggies in the
cigarette package found in appellant=s overalls were analyzed and
found to contain 5.46 grams of methamphetamine.  Taylor performed two preliminary spot tests and one conclusive
instrumental test on the substance in the baggies. 

When
the accused is not in the exclusive control of the place in which the substance
was found, it cannot be concluded that he had knowledge and control of it
unless there are additional circumstances that affirmatively link the accused
to the contraband.  Guiton v. State, 742
S.W.2d 5, 8 (Tex.Cr.App.1987).  However,
a substance=s
convenient accessibility to the accused can be sufficient to establish his
knowledge, possession, and control. 
Joseph v. State, supra at 376. Appellant referred to the clothing where
the drugs were found as Ahis@ overalls, and they were located
next to where he had apparently been sleeping prior to the search.  Additionally, appellant=s
wife, Willie, said that the overalls belonged to appellant.  The evidence is both legally and factually
sufficient to support the judgment.  The
fourth point of error is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

May 30, 2002

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

McCall, J., and Dickenson, S.J.[1]

 

 

 











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.