**Lonnie Donnell NELSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–083–CR.**

Court of Appeals of Texas,
Fort Worth.

March 10, 1982.

Clifford A. Bridwell, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Don Maxfield, Asst. Dist. Atty., Wichita Falls, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

JORDAN, Justice.

A Wichita County jury convicted Lonnie Donnell Nelson, appellant, on August 17, 1978, of aggravated robbery and found that the allegation in Count Two of the Indictment charging appellant with a prior felony offense of delivery of marihuana was "true". His sentence was assessed by the jury at seventy-five years confinement in the Texas Department of Corrections.

Nelson appeals on three grounds of error. We affirm.

On May 19, 1978, Maurine Yarbro, night clerk of the Coachman Motel in Wichita Falls, Texas, on duty in the motel at the time, was robbed of a total of $198.00 by a black male. The money taken from her consisted of one $100.00 bill, and $98.00 in twenty, five, ten and one dollar bills. The black male was in the motel for just a few minutes, long enough for Maurine Yarbro to get a good look at him, and then vacated the motel premises in a car. He and two black male companions were arrested by Wichita Falls police just a few minutes after this robbery.

Appellant was identified at trial by Maurine Yarbro as the one who robbed her, and the car in which appellant left the motel was identified by a taxicab driver who pulled up to the motel just as appellant was leaving in the car.

In his first ground of error appellant complains of the trial court's denial of his motion for psychiatric examination without conducting a competency hearing. This motion was subscribed by appellant's counsel on August 14, 1978, and presented to and overruled by the court on the same day, which was the day this case actually went to trial. Voir dire examination began on the morning of August 14, 1978, and testimony was apparently delayed, for some reason, until August 16, 1978.

The motion was not timely filed. V.A.C. C.P. art. 46.02 § 2(a) provides in part that a defendant's incompetency shall be determined prior to trial on written motion by the defendant or his counsel filed *prior to the date set for trial on the merits or by the court on its own motion if the court determines that there is evidence to support a finding of incompetency.* The motion was not filed prior to trial, hence was not time-

ly, and the court did not abuse its discretion in overruling it.

■ However, since appellant contends that his due process rights under the Federal Constitution were violated, and cites *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, as holding that the trial court should conduct a sanity hearing when the evidence raises a "bona fide doubt" as to defendant's competency to stand trial, we shall discuss the merits of appellant's first ground of error.

A motion, sworn or otherwise, is not evidence and it is well-settled that our review on this appeal is bound by and confined to the record on appeal. The record in this case contains only the sworn motion of appellant's counsel for the psychiatric examination, not supported in any way by any evidence or any other indication that appellant was not competent to stand trial and thus in need of a psychiatric examination. All that is before us is a very short motion, signed and sworn to by counsel, which was overruled by the court on the same day, August 14, 1978. There is nothing to indicate whether or not a hearing was held, or that appellant even asked for a hearing. No offer of any evidence was made and there was absolutely nothing to indicate to the trial court that appellant was in need of a psychiatric examination. There was no request for a bill of exceptions, as provided for by V.A.C.C.P. art. 40.09, and none taken.

As the above cited case of *Pate v. Robinson, supra,* holds, the evidence must raise at least a bona fide doubt as to the defendant's competency. There must be some indication of the necessity for a hearing on a motion for psychiatric examination. See *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App. 1980); *Ainsworth v. State*, 493 S.W.2d 517 (Tex.Cr.App.1973); *Ferguson v. State*, 579 S.W.2d 2 (Tex.Cr.App.1979). There is no indication or suggestion here of the necessity for a competency hearing, and thus no reason for holding one.

Moreover, the court held a full evidentiary hearing on appellant's motion for new trial on September 18, 1978, at which the jurors testified as to appellant's claim that there was jury misconduct. Appellant had the opportunity at this hearing to present any evidence he may have had that he was incompetent to stand trial on August 14, 1978. There was no mention of incompetency in the motion for new trial or at the hearing thereon.

Appellant's first ground of error is overruled.

■ Appellant next contends that the trial court erred in overruling his motion for new trial based upon jury misconduct. Appellant's contention is that the subject of parole of appellant, and how long he would have to serve, was the subject of discussion during jury deliberations and that that mandates reversal of this conviction. At the hearing on the motion for new trial nine of the twelve jurors testified and all admitted that the subject of parole had been mentioned during deliberations. None of them could remember just how long, or for what period of time, this matter was discussed, the time mentioned in their testimony varying from just a few seconds to five or six or more minutes. However, all of the nine jurors testified that no one purported to know what the law of parole was or how long the appellant would be required to serve if sentenced to any given number of years. No juror, according to the testimony on the hearing for new trial, ever told the rest of the jurors what the time required to serve was before parole could be granted. None knew or purported to know what it was. All of the jurors, including the foreman of the jury, testified that each time the subject was brought up, they were all told that they could not consider the subject of parole under the court's instructions and that each time it was then dropped and the conversation returned to other matters. No one even hazarded a guess on how long appellant would be required to serve. Several testified that the question of parole in no way entered into or helped determine the sentence the jury eventually assessed.

It has been held that jury discussion of the parole law is always misconduct, *Sanders v. State*, 580 S.W.2d 349 (Tex.Cr.App. 1978), but that whether such discussion mandates reversal of a conviction depends upon the particular circumstances of the case. *Moore v. State*, 535 S.W.2d 357 (Tex. Cr.App.1976); *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975). We hold that in this case the discussion of parole as reviewed above did not influence the jury's verdict on punishment and that no reversible error is shown.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error contends that Maurine Yarbro's in-court identification of appellant as the one who robbed her at gunpoint was tainted or colored by a suggestion on the morning she walked into the courtroom for trial. He says that the witness was told before she entered the courtroom that appellant was sitting in the courtroom. He also complains that there were some discrepancies between Yarbro's identification of appellant and that of the witness Police Officer Thomas Huffer. While the witness Yarbro was not one hundred percent precise or clear on every detail of appellant, his exact physical appearance, or what he was wearing on the night of the robbery, she very definitely and positively, without the slightest hesitation or doubt, identified appellant as the black male who robbed her on the night of March 5, 1978. Any variations or discrepancies in her description of appellant and that of Officer Huffer, who arrested him minutes after the robbery, went only to the weight of their testimony. It was a question for the jury to determine whether Maurine Yarbro's description and identification of appellant was accurate and correct or not. The jury decided it was.

The jury had before it, not only Maurine Yarbro's positive identification, but the facts that the sum of money taken from the motel, plus other currency, including one $100.00 bill, was found in the car in which appellant was riding minutes after the robbery, and the fact that that car was identi-fied by taxicab driver Billy Williams as the one he saw leaving the motel parking lot immediately after the robbery. No error is shown.

Appellant's third ground of error is overruled.

We affirm.