**The STATE of Texas, Appellant,**

v.

**Keith Lee BRUNNER, Appellee.**

No. 04–95–00489–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 14, 1996.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for appellant.

James L. Bruner, San Antonio, for appellee.

Before CHAPA, C.J., GREEN, J., and CAMPBELL, Former Judge.

## OPINION

CHARLES F. CAMPBELL,[1] Former Judge, Texas Court of Appeals.

Appellee was charged by misdemeanor information with the offense of driving while intoxicated. He filed a pretrial motion to suppress a blood test result. The trial court, after postponing (on the oral motion of the State) the first hearing scheduled to dispose of the motion, reset the hearing to a later date. At this second hearing, the prosecutor again informed the trial court that it was not ready to proceed. The trial court then granted appellee's motion to suppress the blood test. The State timely filed notice of

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. *See* TEX.CODE CRIM.PROC. art. 44.01(a)(5).

appeal and a certificate of appeal, signed by the Criminal District Attorney certifying that the evidence, excluded by the trial court's ruling, is of substantial importance to this case.[2] The sole issue presented to this court by the State in its brief is whether "the trial court erred in granting defendant's motion to suppress where the trial court failed to require defendant to meet his initial burden of proof on the motion." More precisely, the issue presented is whether the trial court had the authority to grant appellee's motion to suppress based solely on the allegations contained in the motion and in the absence of any evidence being presented by either side to the lawsuit.[3] We believe the trial court did have such authority and we will affirm.

As we previously stated, this case was twice set for a pretrial hearing on appellee's motion to suppress the result of a blood test. At the initial setting, the trial judge granted an oral motion for continuance urged by the prosecutor. At the second such setting, which is the proceeding being contested by appellant, the prosecutor again made an oral motion for continuance. The trial judge denied this request and then proceeded, at the instance of appellee, to grant the motion to suppress.

Appellant, citing *Russell v. State*, 717 S.W.2d 7 (Tex.Crim.App.1986), argues that when a defendant seeks to suppress evidence, the burden of proof is initially on the defendant to produce evidence that defeats the presumption of proper police conduct. If the defendant accomplishes this, the burden, asserts the appellant, then shifts to the state to show the existence of a warrant or some other rationale as to why the search or seizure was reasonable. Appellant argues that, in the instant case, the initial burden was never met by appellee because there was no presentation of evidence; thus, there was nothing to justify either the relief sought by appellee or the relief ultimately granted by the trial court.

---

3. In point of fact, neither appellant nor appellee presented any argument concerning the merits of appellee's motion to suppress to the trial judge.

Appellant further opines that no evidence having been offered, the trial court could not have considered a mere motion upon which to base its ruling. This is true says appellant, because motions, sworn or otherwise, are not evidence and thus could not support the trial court's action in the instant case. *Nelson v. State,* 629 S.W.2d 888, 890 (Tex. App.—Ft. Worth 1982, no pet.).

We will first deal with appellant's reliance on *Nelson.* In *Nelson,* the Ft. Worth Court of Appeals based its holding on the fact that defendant's motion for a competency hearing was not timely filed and that the trial court, therefore, did not err in refusing to conduct a pretrial hearing. *Id.* at 889–90. Additionally, the court of appeals pointed out that the defendant had an opportunity to raise incompetence to stand trial at a post-trial hearing on a motion for new trial, and failed to do so. *Id.* at 890. Therefore, the court of appeals based its decision on procedural default. *Id.* Along the way, the court, clearly in dicta, noted the general proposition that "[a] motion, sworn or otherwise, is not evidence," *Nelson,* 629 S.W.2d at 890, a concept with which we would not argue. But this concept was not dispositive in *Nelson,* and therefore is not persuasive in this case.

 We have no quarrel with appellant's reliance on *Russell,* for the assignments of the burdens of production and persuasion in a pretrial motion to suppress evidence situation. *See Russell,* 717 S.W.2d at 9–10. However, *Russell* must be read in conjunction with the language contained in Tex.Code Crim.Proc. art. 28.01 § 1(6), which provides:

> Motions to suppress evidence-When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court.

In interpreting a statute such as Article 28.01, Section 1(6), we should focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

If we look at the literal text of Section 1(6), it is evident that a trial judge, in conducting a hearing on a motion to suppress, may determine the merits of the motion by considering the motion standing alone, or it may consider the motion plus affidavits, or it may consider the motion plus oral testimony. These three methods of consideration exist independently of one another. It is hard to imagine a statute with a plainer meaning.

Our interpretation of Section 1(6), is reinforced by the decision of the Court of Criminal Appeals in *Rodriguez v. State,* 844 S.W.2d 744 (Tex.Crim.App.1992). In *Rodriguez,* as in the instant case, the trial court ordered a hearing on a motion to suppress. *Id.* at 745. No witnesses were called at the hearing and no evidence was formally introduced. *Id.* The trial court heard the different versions of fact offered by the parties and denied the motion. *Id.* The court of appeals held that, because the defendant did not offer an affidavit into evidence, did not request the trial court to take judicial notice of the affidavit or his motion, offered no stipulation of evidence nor testimonial evidence, and merely offered oral argument in support of his motion, defendant failed to meet his burden of proof under *Russell. Rodriguez v. State,* 834 S.W.2d 592, 595 (Tex. App.—Houston [1st Dist.] 1992). The Court of Criminal Appeals agreed with our interpretation of Article 28.01, Section 1(6), and held that the court of appeals should have considered the defendant's motions and attached affidavit in determining whether the defendant met his burden of proof and remanded the cause to the court of appeals for such consideration. *Rodriguez,* 844 S.W.2d at 745.

 In the instant case, the trial court set the motion to suppress for a hearing on two different occasions. The appellee announced "ready" to proceed at both settings, while appellant moved for continuances at both settings. The trial judge overruled appellant's second motion for continuance and proceeded to hear the motion to suppress based solely on the motion itself.

The appellee's motion is a fairly standard motion to suppress, alleging that the arrest

of appellee and the subsequent seizure of his blood was illegal. Appellant offered absolutely nothing to controvert this motion, either in the form of evidence or pleadings. The record is devoid of anything from appellant, except oral arguments as to why appellant was not ready to go forward on the motion. Thus, when the trial judge considered the motion to suppress, all she had before her was appellee's motion alleging an improper arrest and seizure of blood. Given that state of the record, she granted the motion. This action was consistent with our view of Article 28.01, Section 1(6), and with the decision of the Court of Criminal Appeals in *Rodriguez*.

The trial judge's action and our decision today are also consistent with *Russell*. This is so because, in this case, the appellee fulfilled his burden by announcing ready on his filed motion. The burden then shifted to appellant to show that there was a warrant, or that the arrest and seizure were reasonable. Appellant failed to do either, and the trial court then granted the motion to suppress on the basis of the allegations in the motion itself. Thus appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.