NO. 07-00-0575-CR


NO. 07-00-0576-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 30, 2004



______________________________




OLLIE GRAY CHAMPION, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NOS. 841383 and 841382; HONORABLE MICHAEL WILKINSON, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)


 This will be our fourth opportunity to address the companion appeals brought by
appellant Ollie Gray Champion. (2) In the appeals, he challenges his conviction, after an open
plea of guilty, on two counts of aggravated sexual assault. His challenges are premised
on claims that he was deprived of the effective assistance of counsel and his pleas were
not made knowingly and intelligently because his trial counsel misled him as to the range
of punishment attached to the offenses. Disagreeing that reversal is required, we affirm
the judgments of the trial court.

 As a result of an investigation of several sexual assaults involving the same victim,
in January 2000, appellant gave police a statement in which he admitted committing two
offenses. In April 2000, he was charged with the two counts of aggravated sexual assault. 
He was represented in both cases by retained counsel.

 Appellant pled guilty to both charges without an agreement as to punishment. In the
course of his pleas, he made a judicial confession and executed a waiver of his rights to
jury trials or to confront or cross-examine witnesses. In each case, he also executed a
waiver of his right to appeal. The trial court accepted the pleas, found appellant guilty, and
ordered the preparation of a pre-sentence investigation report. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 9 (Vernon Supp. 2004). At the hearing on the report, appellant presented
testimony and exhibits. The trial court assessed appellant's punishment in each case at
35 years confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $10,000 fine.

 On November 2, 2000, appellant filed pro se motions for new trial and notices of
appeal in each case. In his pleadings, he sought to challenge the voluntariness of his plea,
the punishment assessed and the effectiveness of his trial counsel. He also filed an
affidavit of indigence and requested the appointment of appellate counsel. In his motions
for new trial, he asserted he was not properly informed as to his waiver of rights and his
pleas were induced by his attorney's representations that he would receive probation. 
However, because the motions were not presented to the trial court as required by Texas
Rule of Appellate Procedure 21.6, no hearing was held and it was overruled by operation
of law. Tex. R. App. P. 21.8(c).

 In a February 21, 2001 opinion, we abated the appeals for the appointment of
counsel on appeal. In June 2001, appellant's first appellate counsel submitted an Anders (3)
brief in which he certified that there were no meritorious issues on which to predicate an
appeal. He also sought leave to withdraw from the case. Appellant filed a pro se brief in
which he advanced several grounds asserting he was entitled to a hearing on his motions
for new trial. In our second opinion, issued on October 4, 2001, we found the factual and
procedural posture of the cases mirrored those discussed in Prudhomme v. State, 28
S.W.3d 114 (Tex. App.-Texarkana 2000, no pet.). In that case, the court held the filing of
a motion for new trial to be a critical stage implicating the constitutional right to the effective
assistance of counsel. In that opinion, we abated the appeals for the appointment of new
appellate counsel to consider and argue any grounds that might support the appeals.

 Appellant's second appellate counsel filed a brief in January 2002, arguing appellant
was entitled to a hearing on his motions for new trial as a necessary prerequisite to
preserving appellant's claim that his guilty pleas were not made knowingly and voluntarily. 
We agreed and, in a third opinion issued on April 16, 2002, again abated the appeals to the
trial court to conduct a hearing on appellant's motions for new trial. Champion, 82 S.W.3d
at 83-84.

 Such a hearing was conducted by the trial court on September 23, 2002, and the
record has been supplemented with a reporter's record of the hearing. The trial court also
appointed attorney Ted Doebbler on appeal. On January 13, 2003, we reinstated the
appeals. After appointed counsel missed two deadlines set by us for filing an appellate
brief, appellant sought dismissal of the appointed counsel. We overruled appellant's motion
and extended the time for filing an appellate brief, which resulted in Doebbler filing an
Anders brief. However, because that brief did not comply with the applicable Rules of
Appellate Procedure, appellate counsel was instructed to submit a corrected brief. We
denied appellant's motion to dismiss his appellate counsel. In August 2003, having
received no corrected brief from appellate counsel, we granted appellant permission to file
a pro se brief and reiterated appellate counsel's obligation to file a corrected brief. On
August 26, 2003, appellant filed a pro se brief in which he asserted seven points of error. 
He has since filed three "supplemental briefs" in which he raised additional issues. 
Appellate counsel has filed a second brief in which he again posits the record does not
show reversible error. The State has now filed a brief in which it challenges the trial court's
jurisdiction to conduct the new trial hearing, as well as appellant's supplemental briefs.

 Appellant's nine points of error present two core issues. In his first six points, as well
as his ninth point, he argues he did not receive the effective assistance of counsel
mandated by the federal constitution. In each point, he alleges a separate theory why his
trial counsel's performance was deficient. In his remaining points, he challenges the
accuracy of the record. In his seventh point, he particularly assigns error to the admission
of affidavits at the hearing on his motion for new trial. In his eighth point, appellant argues
he is entitled to a new trial because exhibits that should have been included in the record
were "lost." 

 In its brief, the State initially argues the trial court had no jurisdiction to conduct a
new trial hearing and we should not consider the evidence presented at that hearing. It
also contends appellant has failed to show his counsel's performance was deficient or that
he suffered any prejudice. The State challenges appellant's eighth and ninth points on the
ground that his supplemental briefs did not properly present those issues for our
consideration.

 We must first determine if appellant's pleas of guilty or his assertions to the trial
court at trial that he was satisfied with his representation preclude him from raising any of
the issues presented in his briefs. In Young v. State, 8 S.W.3d 656 (Tex. Crim. App. 2000),
the court held "a valid plea of guilty or nolo contendere 'waives' or forfeits the right to
appeal a claim of error only when the judgment of guilt was rendered independent of, and
is not supported by, the error." Id. at 667. The grounds offered by appellant in support of
his ineffective assistance of counsel claims include a challenge to the validity of his pleas
because his trial counsel failed to notify him of a plea bargain offered by the State, and
further, that his counsel assured him he would receive probation. He also includes a claim
of deficient counsel performance at the punishment hearing. Inasmuch as appellant
challenges the validity of his guilty pleas and counsel's representation after that plea, his
claims are not waived by the plea, nor are they waived by his statement regarding his
representation up to his guilty plea. (4)

 We next address the State's argument that we may not consider the evidence taken
at the September 2002 hearing on appellant's motions for new trial. The State bases that
argument on the provision in Rule of Appellate Procedure 21.8 requiring a ruling on a
motion for new trial within 75 days after a sentence is imposed. However, that argument
ignores the constitutional basis of our April 16, 2002 opinion and judgment abating the
appeals. Additionally, it represents a collateral attack on that judgment. The cases relied
upon by the State either did not involve deprivations of the Sixth Amendment right to
counsel in pursuing a motion for new trial, see e.g., State ex rel. Cobb v. Godfrey, 739
S.W.2d 47 (Tex. Crim. App. 1987), or held that procedural rules must yield to constitutional
rights. See Trevino v. State, 565 S.W.2d 938, 941 (Tex. Crim. App. 1978) (conduct of
hearing on motion for new trial in absence of defense counsel near the end of the time
permitted by rule was "not a permissible alternative"). Moreover, the State failed to
challenge our April 16, 2002 judgment within the time allotted by the Rules of Appellate
Procedure. It may not do so now.

 Because it bears upon our consideration of his remaining points, we next address
appellant's eighth point, in which he argues he is entitled to a new trial because the
reporter's "records have been lost or destroyed without the appellant's fault." In support
of that proposition, he cited Rule of Appellate Procedure 50(e) and the cases interpreting
that rule. The State responds that new issues presented in a supplemental brief are "not
properly before the trial court for review," citing Allen v. State, 795 S.W.2d 15 (Tex.
App.-Houston [14th Dist.] 1990, no pet.). In that opinion, the Allen court relied upon cases
construing 1982 and 1990 Rules of Appellate Procedure and, citing Rochelle v. State, 791
S.W.2d 121, 124 (Tex. Crim. App. 1990), held that because the permission of the court
had not first been obtained, a point of error raised for the first time in a supplemental brief
would not be considered. Allen v. State, 795 S.W.2d at 17. However, because the Rules
of Appellate Procedure have undergone substantial revisions since 1982, we must look to
the present rules.

 Rule of Appellate Procedure 38.7 provides "[a] brief may be amended or
supplemented whenever justice requires, on whatever reasonable terms the court may
prescribe." The rule contemplates supplemental briefs may be filed upon leave of the
court. Even though appellant did not seek permission to file the supplemental briefs in
question, the first two were filed at a time when the State had the opportunity to, and did,
respond to the issues raised in those briefs. In the interest of justice, we will consider those
particular supplemental briefs. However, appellant submitted a third supplemental brief
after the State's brief was filed. We decline to consider the issue raised in that brief.

 Appellant's reliance upon Rule of Appellate Procedure 50(e) is misplaced. Current
Rule 50 addresses reconsideration of petitions for discretionary review. It appears
appellant is relying on the rules as they were constituted before the 1997 revisions. (5) The
relevant current rules are 34.5(e) and 34.6(f). Rule 34.5(e) provides:

 If a filing designated for inclusion in the clerk's record has been lost or
destroyed, the parties may, by written stipulation, deliver a copy of that item
to the trial court clerk for inclusion in the clerk's record or a supplement. If
the parties cannot agree, the trial court must - on any party's motion or at the
appellate court's request - determine what constitutes an accurate copy of
the missing item and order it to be included in the clerk's record or a
supplement.


Rule 34.6(f) concerns omissions from the reporter's record and provides:


 An appellant is entitled to a new trial under the following circumstances:


 (1) if the appellant has timely requested a reporter's record;


 (2) if, without the appellant's fault, a significant exhibit or a significant portion
of the court reporter's notes and records has been lost or destroyed or - if the
proceedings were electronically recorded - a significant portion of the
recording has been lost or destroyed or is inaudible;


 (3) if the lost, destroyed or inaudible portion of the reporter's record, or the
lost or destroyed exhibit, is necessary to the appeal's resolution; and


 (4) if the lost, destroyed, or inaudible portion of the reporter's record cannot
be replaced by agreement of the parties, or the lost or destroyed exhibit
cannot be replaced either by agreement of the parties or with a copy
determined by the trial court to accurately duplicate with reasonable certainty
the original exhibit.


 The specific items appellant contends are "lost" are 1) the pre-sentence investigation
report (PSI); 2) his written statement to police, 3) his attorney's notes concerning a
telephone conversation mentioning a plea bargain offer from the State, and 4) an affidavit
of Robert Peacock, Jr., an alleged second victim of an uncharged extraneous offense. The
first two items arose in appellant's original sentencing hearing, and the second two concern
the hearing on his motion for new trial. Former Rule 50(e) applied to both the clerk's record
(transcript) and the reporter's record (statement of facts). However, because the present
rule only provides for a new trial when the reporter's record is incomplete due to loss or
destruction of records, we will consider appellant's argument as intending to rely on present
Rule 34.6(f).

 The first requirement of the rule is that appellant make a timely request for the
reporter's record. The only request that appears in the clerk's record is a reference in
appellant's pro se notices of appeal in which he asserts his indigence and requests that the
court "pay for the transcription of the record and all other related papers comprising the
record." Although appellant's request did not designate any specific exhibits to be included,
see Tex. R. App. P. 34.6(f), we will view it as meeting the first requirement of Rule 34.6(f)
as to omitted items 1 and 2. The record does not contain a request from appellant for a
reporter's record on the motion for new trial hearing, such a record was prepared in
compliance with our instructions on abatement.

 The second requirement of Rule 34.6(f) is that a "significant exhibit . . . has been lost
or destroyed." The rule specifically only refers to an "exhibit." Appellant's allegations that
these items were lost is based solely on the fact that they do not appear in the reporter's
record. However, none of the items were introduced as exhibits at either hearing, nor were
they requested for inclusion in the reporter's record. Moreover, the letter from Robert
Peacock, Jr. does appear in the record before us. Appellant's statement to the police is
included as an attachment to the affidavit of Kenneth Mingledorff. Parenthetically,
appellant's seventh point challenges the admission of this affidavit. Because the items
were neither introduced as exhibits at the hearings or specifically requested for inclusion
in the record, Rule 34.6(f) is not applicable. Appellant's eighth point is overruled.

 Because appellant's seventh point also concerns the propriety of the trial court's
admission of evidence at the hearing on the motions for new trial, we will consider it next. 
Appellant argues the trial court erred in admitting affidavit evidence at the hearing after it
had taken live testimony. The affidavits in question were those of appellant's trial attorney,
Kenneth Mingledorff (Kenneth), his partner Judy Mingledorff, and their legal assistant
Barbara Cox-DeRosa. Kenneth's affidavit recited his activities in representing appellant
and authenticated attached documents, including motions filed in the case, appellant's
statement to police, and correspondence. The Mingledorffs testified at the hearing and, of
course, were subject to cross-examination.

 Appellant made two objections to the affidavit at the hearing. The first was non-specific. The second was directed at the affidavit of Cox-DeRosa on the basis that she was
not going to testify and thus was not subject to cross-examination. At the conclusion of the
hearing, and relying upon Rule 21.7 of the Rules of Appellate Procedure, the trial court
admitted all three affidavits. Rule 21 governs motions for new trial in criminal cases and
specifically provides that a court "may receive evidence by affidavit or otherwise" at a
hearing on a motion for new trial.

 Appellant argues the word "or" in Rule 21.7 prohibits the trial court from accepting
both affidavits and trial testimony. In support, he cites State v. Brunner, 917 S.W.2d 103
(Tex. App.-San Antonio 1996, pet. ref'd), and McVickers v. State, 874 S.W.2d 662 (Tex.
Crim. App. 1993). The State does not respond to this argument.

 Both Brunner and McVickers addressed motions to suppress rather than Rule 21.7
motions for new trial. Neither case supports appellant's position. In Brunner, the appellate
court held the trial court did not err in granting a motion to suppress, even though no
evidence was presented in support of the motion. Id. at 105. In McVickers, the court was
considering a statute that allowed courts to determine suppression motions on the motion
itself, "opposing affidavits, or upon oral testimony." See Tex. Code Crim. Proc. Ann. art.
28.01 § 1(6) (Vernon 1989). It did not hold that use of the word "or" in the statute made
acceptance of one form of evidence required, but precluded the receipt of other forms of
evidence. It also held the statute did not make the rules of evidence inapplicable. 
McVickers, 874 S.W.2d at 666. Appellant's seventh point is overruled.

 We now turn to appellant's ineffective assistance of counsel claims. The standards
by which the effectiveness of counsel are set out in the seminal case of Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our
Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). In order to show trial counsel was ineffective, a claimant must establish two
elements: 1) that his counsel's performance was deficient, and 2) the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687. The first component is
met by showing that trial counsel made errors so significant that he was not functioning as
the counsel guaranteed by the Sixth Amendment to the United States Constitution. Id. The
second component necessitates a showing that counsel's errors were so serious that they
deprived the defendant of a fair trial, i.e., a trial whose result is reliable. Id. A claimant
must show that but for counsel's errors, there is a reasonable probability that the result of
the trial would have been different. Id. at 694. A reasonable probability is one sufficient
to undermine confidence in the outcome. Id. In making our review, we must also bear in
mind there is a strong presumption that trial counsel rendered adequate assistance and
made all significant decisions in the exercise of reasonable professional judgment. Id. at
690. The record must affirmatively show the alleged ineffectiveness. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The defendant must establish that counsel's
errors, judged by the totality of the representation, denied him a fair trial. Strickland, 466
U.S. at 695. Additionally, we must also apply the standard for review of rulings on motions
for new trial, which is an abuse of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995).

 The first theory appellant advances in support of his ineffective assistance claim is
that his trial counsel failed to file a specific motion to suppress his written statement to the
police and to press that motion to a ruling. The clerk's record shows that counsel filed a
motion to suppress evidence obtained as a result of a "search of the defendant on or about
the day of his arrest," but did not seek to suppress the written statement given to police
about four months earlier. Appellant argues that suppression of the motion was required
because it was obtained in violation of his constitutional rights as set forth in Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), as well as article 38.22 of
the Code of Criminal Procedure.

 Responding, the State cites Jackson v. State, 973 S.W.2d 954 (Tex. Crim. App.
1998), for the proposition that in order to meet Strickland requirements, appellant is obliged
to prove that a motion to suppress would have been granted. Id. at 957. It argues the
record shows that the statement was given January 6, 2000, and appellant testified that he
was not arrested until May 12, 2000; thus, it concludes, appellant was not in custody when
the statement was given. That conclusion is also supported by an April 10, 2000 complaint
which recites appellant's statement to police and indicates that he had not yet been
arrested.

 Acknowledging that the Miranda procedural protections only apply to custodial
interrogations, appellant argues that judged by the standards for determining custody
articulated by the Supreme Court, he was "in custody" at the time of the statement. In
doing so, he relies upon his affidavit supporting his motions for new trial. In relevant
portion, it reads:

 [M]y confession to this crime was coerced by the arresting officers. They told
me that if I did not talk to them they would see to it that I got life in prison. I
was scared with them constantly hovering over me violating my space. I was
afraid they would hurt me so I agreed to write down what Detective Godfrey
was 'telling' me to write. I told my lawyer that I was not read my rights before
I wrote down what Godfrey [told me . . . .] (6) When I asked my lawyer to file
some sort of motion to suppress that statement he said he could not do it
because there was 'no such thing as a motion to suppress evidence.'

 

 In Shiflet v. State, 732 S.W.2d 622 (Tex. Crim. App. 1985), the court recognized four
general situations that might constitute "custody" within the Miranda purview. They are: 
1) when the suspect is physically deprived of his freedom of action in any significant way,
2) when a law enforcement officer tells the suspect that he cannot leave, 3) when law
enforcement officers create a situation that would lead a reasonable person to believe that
his freedom of movement has been significantly restricted, and 4) when there is probable
cause to arrest and law enforcement officers do not tell the suspect he is free to leave. Id.
at 629. See also Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).

 The facts alleged in appellant's affidavit go to the voluntariness of his statement
rather than whether he was in custody. The only Stansbury (7) circumstance applicable to
the facts alleged here is the fourth, in that the statement gave the officers probable cause
to arrest. Even so, as we have noted, the record shows the statement was given on
January 6, but appellant was not arrested until May 12. This is sufficient to demonstrate
that appellant was allowed to leave after the statement.

 Appellant had the opportunity to develop the record on this issue at the hearing on
the motions for new trial. He failed to do so, testifying only that inconsistencies between
his testimony and the statement to the police was because "I was real scared when I wrote
that, I wasn't thinking straight." This testimony controverts his claim that the officers
dictated the statement to him. Moreover, the fact that his counsel had already filed a
motion to suppress evidence obtained from a search of appellant controverts appellant's
affidavit allegation that he said, "there was no such thing (as a motion to suppress)."

 At the new trial hearing, Kenneth averred that he did not pursue suppression of
appellant's statement because appellant had decided to plead guilty and seek probation. 
He asserted that had the cases gone to trial, he would have sought to suppress the
statement. Appellant has failed to present sufficient evidence to rebut the presumption that
his trial counsel's conduct was reasonable and professional. See Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). Appellant's first point is overruled.

 In his second point, appellant asserts that Kenneth failed to inform him that the State
had offered a plea agreement, and because of this, his representation was ineffective. In
support, he cites Ex parte Wilson, 724 S.W.2d 72 (Tex. Crim. App. 1987), and Johnson v.
Duckworth, 793 F.2d 898 (7th Cir. 1986), cert. denied, 479 U.S. 937, 107 S.Ct. 416, 93
L.Ed.2d 367 (1986), for the proposition that counsel's failure to inform a defendant of a plea
bargain offer denies the defendant effective assistance of counsel. The Court of Criminal
Appeals continues to follow its Wilson holding. See Ex parte Lemke, 13 S.W.3d 791, 798
(Tex. Crim. App. 2000).

 At the new trial hearing, appellant testified that Kenneth never told him the State had
made an offer of 25 years confinement in exchange for a guilty plea, and he only learned
about the offer from reading the PSI report. However, Kenneth testified that his records
contained a memo by his legal assistant stating, "Ken wants to talk with him before - Ken
wants to talk with Ollie before the next setting. State is offering 25 years." He went on to
aver "when I talked with Ollie, he said, I'm not taking any [prison] time, you know. We can
- we can get witnesses, da da da. I said Ollie, you know what I said about the trial. He
said, I'm not talking about going to trial. I'm talking about [the] PSI hearing." 

 The evidence was conflicting as to whether Mingledorff informed appellant of the
State's offer. The trial court is the factfinder at a new trial hearing and its resolution of
conflicts in the evidence requires deference by a reviewing court. Kober v. State, 988
S.W.2d 230, 233 (Tex. Crim. App. 1999). Here, the trial court resolved the conflicting
evidence against appellant. We cannot say its resolution was erroneous. Thus, appellant
failed to show that trial counsel did not inform him of the State's offer. Appellant's second
point is overruled.

 Appellant's third point ineffective counsel allegation is premised on the basis that trial
counsel guaranteed him that he would receive probation. In support of that proposition, he
relies upon Ex parte Battle, 817 S.W.2d 81 (Tex. Crim. App. 1991), Czere v. Butler, 833
F.2d 59 (5th Cir. 1987), and evidence presented at the new trial hearing.

 Battle arose out of a habeas corpus hearing in which it was undisputed that the
petitioner's plea of nolo contendere was made after counsel informed him he could get
probation. Ex parte Battle, 817 S.W.2d at 83. In fact, however, Battle was ineligible for
probation. Because of that fact, the court held Battle was deprived of reasonably effective
assistance of counsel and his conviction was reversed. Id. at 84.

 Czere involved a federal petition for habeas corpus resulting from denial of similar
petitions filed in state courts. In order to avoid the death penalty and to obtain the dismissal
of other charges, Czere pled guilty to two counts of second degree murder resulting in his
being sentenced to two consecutive life terms. The statute applicable made him ineligible
for parole until he had served 40 years on each term or a total of 80 years. At an
evidentiary hearing, Czere and his father alleged defense counsel told him he would be
eligible for parole in 12 to 15 years. The attorney established that he had shown Czere a
copy of the "brief" statute providing that those convicted of second degree murder "shall not
be eligible for parole for forty years." Id. at 61. The attorney also testified that he had
informed Czere that the sentences assessed would be consecutive. Id. at 62. In its
opinion, the Fifth Circuit noted the lower court's fact finding that Czere's counsel had
informed him he would not be eligible for parole for 40 years. Id. at 64. In its opinion, the
Czere court found Czere had failed to establish the prejudice prong of Strickland because
he had never claimed his innocence and the record showed that his primary motivation in
making the plea agreement was to avoid the death penalty. It further found that any
discrepancy between his actual parole eligibility and the advice of his attorney would not
have persuaded him to risk the death penalty at trial. Id.

 In the present case, appellant testified at the new trial hearing. His testimony as to
what his counsel advised him concerning the range of punishment was inconsistent. At
various times, he testified that Kenneth told him the range of punishment was from
probation to 99 years confinement, and that "if things go right, you'll get your probation." 
At other times, he averred being informed by counsel that he had to plead guilty to get
probation and that "probation was guaranteed."

 Appellant also presented the testimony of a friend named Belita Bordwine and his
former employer, Dan Mallory. Both witnesses had attended his original sentencing
hearing and each had spoken briefly with Kenneth concerning the case. Each of them
testified that Kenneth informed them, whether explicitly or implicitly, that appellant would
be given probation. On cross-examination, the State pointed out portions of Mallory's
testimony at the sentencing hearing in which he was asked if he would hire appellant again
"if the judge saw fit to place him on some sort of probation or deferred adjudication." 
Mallory denied that because of the conditional nature of the question, he may have
misunderstood it and averred he did not believe he misunderstood Kenneth.

 In response to the testimony of Bordwine and Mallory, the State produced affidavits
and testimony from the Mingledorffs as well as Cox-DeRosa. With regard to the
punishment issue, in his affidavit, Kenneth averred that he informed appellant that the
range of punishment was five to 99 years, but that the court could grant deferred
adjudication on a guilty plea. He also said he informed appellant of his right to a jury trial
and that he did file a motion to suppress. The reason he did not seek suppression of
appellant's written statement in the motion was because appellant had already decided to
plead guilty and to seek deferred adjudication at the sentencing hearing.

 In her affidavit, Judy Mingledorff also stated that appellant was informed of his right
to a jury trial and as to the full range of punishment. She said that appellant was also
informed that a judge could consider deferred adjudication after a guilty plea. She averred
that although appellant's character witnesses were told that probation had been requested,
they were never told that appellant would get probation. Further, in Cox-DeRosa's affidavit,
she stated that she was on the telephone during some of Kenneth's conversations with
appellant in which appellant was told the range of punishment was from five years to life
and there was "no guarantee of a deferred adjudication."

 Moreover, both Mingledorffs testified at the new trial hearing. Kenneth testified
about the extensive communications he had with appellant on the telephone, through
letters, and in person. He said appellant expressed concern about the fact that another
defendant accused of assaulting the same victim had been assessed a 30-year penal
confinement sentence. Kenneth again asserted that he informed appellant the could
received up to a 99 year sentence, but that deferred adjudication was a possibility, although
"a long shot." He also talked about the importance of preparations for the sentencing
hearing and why that was so. On the day of the hearing, Kenneth testified he went over
the plea admonishments with appellant and made sure he understood them. He said that
after the hearing, he advised appellant of his right to appeal, but that he would have to
obtain other counsel to represent him on appeal. He also repeated many of the other facts
set out in his affidavit.

 After the hearing, the trial court was presented with a clear conflict in the evidence. 
Resolution of the conflict depended upon determinations of the credibility and demeanor
of the witnesses. Consequently, as we have noted, we must afford "almost total deference"
to the trial court's resolution of the conflicting evidence. Kober, 988 S.W.2d at 233. In
addition to the testimony at the new trial hearing, the trial court had before it appellant's
October 16, 2000 affidavit supporting his motion for new trial in which he swore he "had a
drug and alcohol problem and still [has] losses of memory and head-aches." Under this
record, we cannot say that the trial court's resolution against appellant of the conflicting
evidence was clearly wrong. That being so, we must hold that appellant failed to establish
his trial attorney made any assurance of probation. Thus, the Battle rationale is not
applicable. Appellant's third point of error is overruled.

 In his fourth point, appellant argues his trial counsel was ineffective because he
failed to prepare adequately for the sentencing hearing. Specifically, the deficiencies
argued are that he failed to read the complainant's statement or view the complainant's
videotaped statement. Kenneth testified that he did not view a videotape and was unable
to recall if such a tape had been made. There was no discussion concerning any written
statement made by the complainant.

 In response, the State posits that appellant "failed to establish the complainant even
made a videotaped statement." However, the record reveals that the State had filed an
affidavit to establish probable cause based upon the videotape. The State's April 10, 2000
complaint incorporated an affidavit by an assistant district attorney that they "witnessed the
video taped interview of the complainant, 12 year old N. P." Parenthetically, nothing in the
record shows that the complainant made a written statement.

 Kenneth testified that it would have been important to review the videotape "if we
were going to trial," but he was not sure it was important for the sentencing hearing
because he did not want to conduct a lengthy cross-examination of the child at that hearing. 
He conceded that by not reviewing the tape, he would not know if she had made an
inconsistent statement at the hearing. Appellant argues that this failure allowed the
complainant to testify to numerous extraneous offenses without objection and prevented
counsel from challenging her credibility.

 We cannot agree that counsel's failure to conduct an extended cross-examination
of the child complainant was not reasonable trial strategy. Counsel could well have
concluded that a vigorous cross-examination of the child would have elicited more
sympathy for the victim, thereby causing appellant more harm than the possibility of
exposing an inconsistency in her testimony would benefit him. Additionally, at a
punishment hearing, a trial court is permitted to consider evidence that would not be
admissible at the guilt-innocence phase. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1)
(Vernon Supp. 2004). Appellant has not met his burden to overcome the presumption that
trial counsel furnished him reasonable and professional representation. Appellant's fourth
point is overruled.

 In his fifth point, appellant makes three additional complaints concerning trial
counsel's performance. He argues his counsel was ineffective by failing to object to
extraneous offenses mentioned in the PSI report, by failing to seek a continuance of the
sentencing hearing, and by failing to make a sufficiently specific objection to hearsay
contained in the PSI report.

 We will consider appellant's two complaints concerning counsel's asserted failure
to object to the PSI report together. Although he does not specifically cite to them,
appellant's argument concerning the extraneous offenses and the hearsay evidence are
clearly based upon the Rules of Evidence. See Tex. R. Evid. 404(b) (extraneous
evidence), and 802 (hearsay). He also argues that the failure to object waived any
complaint to which he might have been entitled because of the admission of those matters. 
See Tex. R. App. P. 33.1. However, the Court of Criminal Appeals has recently reiterated
its view that the rules of evidence do not apply to the contents of a PSI report. Fryer v.
State, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002). That exception would also include rules
pertaining to hearsay. Brown v. State, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972). Thus,
the objections appellant sought would have been unavailing and counsel's failure to make
them would not make his representation ineffective.

 Appellant's other argument under this point is directed at trial counsel's failure to
seek a continuance. He argues that the record shows Kenneth received the PSI report "no
more than 30 minutes prior to the hearing." The record shows that at the sentencing
hearing, Kenneth "objects to the fact that [he] received [the PSI report] about 30 minutes"
before the hearing and did not have time to "digest all of it." It also reflects that the trial
court planned to "recess for a while" before completing the hearing. The court asked
counsel if that would provide enough time or if he wanted a continuance. Kenneth
responded, "I would rather proceed today." Appellant argues, without citation of relevant
authority, that "most attorneys" would have requested the hearing be reset.

 At the new trial hearing, Kenneth testified that his reference to "30 minutes" was an
"exaggeration." He also thought the court did take a recess, though it was not reflected in
the record of the sentencing hearing. He averred that prior to the hearing, appellant told
him he wanted to proceed because the witnesses were already present and he agreed with
that decision. He also testified that the PSI report did not contain any new or surprising
information or allegations. Appellant testified that the Mingledorffs visited with him before
the sentencing hearing and told him they had not received the PSI report yet. Appellant
"believed" he asked Kenneth if he thought a reset would be in order and Kenneth said no.

 The authority and procedure governing PSI reports is article 42.12 § 9 of the Code
of Criminal Procedure. In relevant part, it provides:

 (d) Before sentencing a defendant, the judge shall permit the defendant or
his counsel to read the presentence report.


 (e) The judge shall allow the defendant or his attorney to comment on a
presentence investigation . . . report and, with the approval of the judge,
introduce testimony or other information alleging a factual inaccuracy in the
investigation or report.


Tex. Code Crim. Proc. Ann. art. 42.12 § 9(d) and (e) (Vernon Supp. 2004). This procedure
does not contemplate a full evidentiary hearing on a PSI report. For example, although the
State has access to the report, the article does not even provide for the State to present
evidence establishing its contents. Appellant has not presented any argument showing
what additional evidence could have been produced if the hearing had been continued. 
Absent such a showing, appellant could not meet the harm element required by Strickland. 
Moreover, at the new trial hearing, the court was presented with conflicting evidence
concerning whether appellant expressed a wish to proceed with the hearing or to have it
reset. The record before us does not support a holding that the trial court's evident
resolution of that question against appellant was in error. We overrule appellant's fifth
point. 

 In his sixth point, appellant complains of Kenneth's failure to object to the State's
closing argument based upon the PSI report when the report had not been received into
evidence. Citing Stiles v. State, 927 S.W.2d 723, 733 (Tex. App.-Waco 1996, no pet.), he
asserts the prosecutor's argument was subject to objection because it was outside the
evidence. The State responds with a two-fold argument. First, it argues, the PSI report
was properly before the court by statutory provision. See Tex. Code Crim. Proc. Ann. art.
37.07 § 3(d) (Vernon Supp. 2004). Second, it contends, the report was treated by both the
court and the parties as though it had been admitted into evidence and should be
considered as admitted. See Vargas v. State, 838 S.W.2d 552, 559 (Tex. Crim. App. 1992)
(Baird, J., dissenting).

 Article 37.07, section 3(d) provides that when a judge assesses punishment, he may
order a PSI report by virtue of article 42.12 and, "after considering the report, and after
hearing of the evidence . . . he shall forthwith announce his sentence in open court." The
State is correct that the statute supports its argument that the report was properly before
the court and could be incorporated in the State's closing argument. Moreover, the
discussion in Stiles and related cases concerns the proper perimeters of jury arguments. 
Here, punishment was assessed by the trial court rather than a jury. Because the State's
argument was not subject to objection, trial counsel's performance was not deficient
because of his failure to object. Appellant's sixth point is overruled.

 In sum, all of appellant's points are overruled and the judgment of the trial court is
affirmed. 

 John T. Boyd

 Senior Justice


Publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Our prior opinions are Champion v. State, No. 07-00-575-CR (Tex.App.-Amarillo
February 20, 2001, no pet.); Champion v. State, No. 07-00-575-CR (Tex.App.-Amarillo
October 4, 2001, no pet.); and Champion v. State, 82 S.W.3d 79 (Tex.App.-Amarillo 2002,
no pet.).
3. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
4. Had appellant's guilty pleas been given as part of a plea bargain, he would be
precluded from challenging the voluntariness of his plea. See Cooper v. State, 45 S.W.3d
77, 82 (Tex. Crim. App. 2001).
5. This conclusion is supported by appellant's reference to the "statement of facts"
rather than the "reporter's record" terminology used in the present rules.
6. A portion of the text on the copy which appears in the record is cut off.
7. Stansbury v. California, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).



n'>v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 299TH DISTRICT
COURT OF TRAVIS COUNTY;

 

NO. D-1DC-08-301065; HONORABLE CHARLES F. BAIRD, JUDGE



 

 



 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Roy Dean Gates, was convicted by a jury of aggravated assault using a deadly
weapon in a manner capable of causing death or serious bodily injury to a
member of his household or a person with whom he had a dating relationship.[1]  He was sentenced to twenty-two years
confinement.[2]  In presenting his appeal, counsel has filed
an Anders[3]
brief in support of a motion to withdraw. 
We grant counsel's motion and affirm.

            In support of his motion to
withdraw, counsel certifies he has conducted a conscientious examination of the
record and, in his opinion, the record reflects no potentially plausible basis
to support an appeal.  Anders v. California, 386 U.S. 738,
744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has also demonstrated that he has
complied with the requirements of Anders
and In re Schulman by (1) providing a
copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so,
and (3) informing him of his right to file a pro se petition for discretionary review.  In re Schulman, 252 S.W.3d at 408.[4]  The State filed its response to Appellant's
brief indicating its agreement that there is no meritorious ground of error and
the appeal is frivolous.  And, by letter,
this Court granted Appellant an extension of nearly six weeks to exercise his
right to file a response to counsel's brief should he be so inclined.  Id.
at 409 n.23. 
Appellant did not file a response. 


            We have reviewed counsel's arguments
and we have independently examined the entire record to determine whether there
are any non-frivolous issues which might support the appeal.  See
Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d
300 (1988); In re Schulman, 252
S.W.3d at 409; Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991).  We
have found no such issues.  See Gainous v. State, 436
S.W.2d 137, 138 (Tex.Crim.App. 1969). 
After reviewing the record and counsel's brief, we agree with counsel
that there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

            Accordingly, counsel's motion to
withdraw is granted and the trial court's judgment is affirmed.     

 

                                                                                                Patrick
A. Pirtle

                                                                                                      Justice  

 

Do not publish.











[1]Tex.
Penal Code Ann. § 22.02(a)(1),(2) (Vernon Supp. 2009).





[2]As
indicted the offense was punishable as a first degree felony.  Tex. Penal Code Ann. § 22.02(b)(1)
(Vernon Supp. 2009).





[3]Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[4]Notwithstanding
that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's
Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of
Appellate Procedure which provides that counsel shall within five days after
this opinion is handed down, send Appellant a copy of the opinion and judgment
together with notification of his right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.  See
In re Schulman, 252 S.W.2d at 408 n.22 & 411 n.35.