IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00042-CR

 

Gregory Scott Goddard,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 04-05-13760-BCCR

 



MEMORANDUM  Opinion



 

Appellant has filed a motion to dismiss this
appeal.  See Tex. R. App.
P. 42.2(a); McClain v. State, 17 S.W.3d 310, 311 (Tex. App.—Waco 2000,
no pet.).  We have not issued a decision in this appeal.  Appellant personally
signed the motion.  Accordingly, the appeal is dismissed.

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 2, 2005

Do not publish

[CR25]






 denied this request as untimely. The request for a medical examination
should not be confused with the fact that the testimony that Appellant did offer, and that the trial
judge did allow, raised the issue of his competency to stand trial. Because there was some
evidence that he was incompetent to stand trial, the trial court should have allowed a jury to
determine if there was enough evidence to prove him incompetent. See Hawkins v. State, 660
S.W.2d 65, 82-85 (Tex. Crim. App. 1983). But the burden was on Appellant to prove his
incompetency. See TEX. CODE CRIM. PROC. ANN. art. 46.02 § 1(b) (Vernon 1979). Clearly,
Section three of Article 46.02 gives the trial court the discretion to appoint disinterested experts
to examine a defendant with regard to his competency to stand trial and to allow their testimony
upon this issue. Id. at § 3(a). Further, Section 3(h) of Article 46.02 provides that, upon a timely
request for an examination by an expert, the court shall give the examiner a reasonable opportunity
to examine the defendant. Id. at §3(h). Because of the untimely manner in which the competency
issue was raised and the request for the medical examination was made, the denial of the request
for a medical examination was within the court's discretion. In fact, the court had the discretion
to deny any testimony whatsoever on the issue based upon the untimeliness of the request. See
Nelson v. State, 629 S.W.2d 888, 889 (Tex. App.--Fort Worth 1982, no pet.). 
          The court, however, did proceed to hear testimony which raised the issue of competency,
and it only erred when it failed to allow a jury to determine if Appellant was incompetent to stand
trial. None of the cases cited by Appellant involve a defendant's asking for a medical examination
on the day of trial and being refused such a request. Appellant was afforded due process of law. 
The law affords a medical examination; it merely requires a timely request. The denial of the
medical examination was within the court's discretion, and the record that the competency jury
reviewed was not inadequate merely because it failed to contain any evidence based upon a
psychiatric examination of Appellant. 
          While Appellant is correct that the evidence in the record is "speculative" as to whether
or not he was competent to stand trial, it is only speculative because his evidence did not clearly
rebut the presumption that he was competent to stand trial. The competency trial was held
approximately a year after the trial resulting in Appellant's conviction. Compare Carroll v. Beto,
330 F. Supp. 71 (N.D. Tex. 1971), aff'd, 446 F.2d 648 (5th Cir. 1971)(holding meaningful
hearing possible 23 years after trial). Also, there was a complete record of all the evidence that
Appellant presented for the competency jury to review. There was no error in holding the
retrospective hearing. The jury found the evidence did not prove that Appellant was incompetent,
and there being no point of error on the sufficiency of the evidence, we will not disturb this
finding. Appellant's first two points in his supplemental brief are overruled.
          Appellant's last point, based upon the prosecutor's comment that there had been a finding
that he was competent to stand trial, is overruled because the comment was harmless beyond a
reasonable doubt. See Tex. R. App. P. 81(b)(2). Although the comment was made in the jury's
presence, it was not made to the jury. The statement was made to the court during an objection
to one of Appellant's questions to a witness. The jury was aware that this was a retrospective
competency hearing, that Appellant had already presented evidence on his competency at the time
of the original trial, and that the court proceeded with a trial on Appellant's guilt. In the State's
opening statement to the competency jury, the prosecutor informed the jury that the judge, at the
time of Appellant's original trial, "saw through" Appellant's allegation of incompetency, and there
was no objection by Appellant to this comment. The competency jury knew that its only function
was to make a determination, based upon the evidence presented, of Appellant's competence at
the time he stood trial on his guilt. We conclude that the prosecutor's comment had no effect on
the jury's decision. See id. The judgment is affirmed. 
 
                                                                                                                             
                                                                       TERRY R. MEANS
DO NOT PUBLISH                                           Justice