Ross Layton FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–08–00046–CR.

Court of Appeals of Texas, Texarkana.

Submitted: Sept. 25, 2008.

Decided: Oct. 1, 2008.

Billy Gant, Porter and Gant, Bonham, for appellant.

Jessica M. Shortz, James L. Moss, Asst. County Attorneys, Bonham, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

After the trial court denied his motion to suppress evidence, Ross Layton Ford pleaded guilty to having possessed less than two ounces of marihuana. The trial court found the evidence substantiated Ford's guilt, but deferred entry of a finding of guilt and placed Ford on community supervision for a period of twelve months. Ford now appeals, contending the trial court erred by denying his suppression motion. We reverse the judgment.

### The Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Ross*, 32 S.W.3d 853, 857 (Tex.Crim.App.2000). In reviewing the trial court's ruling on a motion to suppress, we give almost total deference to the trial court's finding of historical facts that are supported by the record, while reviewing de novo the trial court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997); *Bilyeu v. State*, 136 S.W.3d 691 (Tex.App.-Texarkana 2004, no pet.).

■ Generally, the Fourth Amendment to the United States Constitution prohibits the government and its agents from searching the person or the property of individual citizens without a search warrant. *McGee v. State*, 105 S.W.3d 609, 615 (Tex.Crim.App.2003); *see* U.S. CONST. amend. IV. There are, however, exceptions to the Fourth Amendment's warrant requirement. One such exception arises when the government's actor, typically a police officer, has accumulated sufficient facts that (when considered in the aggregate) provide the officer with probable cause to believe a crime is being committed *and* when exigent circumstances justify searching the place without first taking time to secure a search warrant from a neutral magistrate. *Estrada v. State*, 154 S.W.3d 604 (Tex.Crim.App.2005); *McNairy v. State*, 835 S.W.2d 101, 106 (Tex.Crim.App.1991). Stated more succinctly, for a warrantless search of a private location to be upheld under judicial scrutiny, there must be sufficient evidence of both probable cause and exigent circumstances.

■ When a trial court conducts a hearing on a pretrial suppression motion, the Texas Legislature has authorized the trial court to determine the motion's merits "on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1(6) (Vernon 2006). Texas appellate courts have similarly approved of allowing trial courts to resolve pretrial hearings based on competing affidavits. *See, e.g., Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex.Crim.App. 1992); *State v. Miller*, 116 S.W.3d 912, 914 (Tex.App.-Austin 2003, no pet.); *Melugin v. State*, 989 S.W.2d 470, 471 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd); *Garcia v. State*, 979 S.W.2d 809, 810–12 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd); *State v. Brunner*, 917 S.W.2d 103, 105 (Tex.App.-San Antonio 1996, pet. ref'd); *Warden v. State*, 895 S.W.2d 752, 754 n. 2 (Tex.App.-Texarkana 1994, pet. ref'd). Determining the suppression motion based on affidavits does not violate *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because an accused's Sixth Amendment right to confrontation does not attach until trial. *Vanmeter v. State*, 165 S.W.3d 68, 73–74 (Tex.

App.-Dallas 2005, pet. ref'd); *see* U.S. Const. amend. VI.

An affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Black's Law Dictionary 62 (8th ed.2004).

■ The defendant has the initial burden of proof at a suppression hearing to establish that a warrantless search occurred. *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App.2005); *Hitchcock v. State*, 118 S.W.3d 844, 848 (Tex.App.-Texarkana 2003, pet. ref'd). Once this burden has been satisfied, the State must bring forth evidence to persuade the trial court that the warrantless search was permissible under an exception to the Fourth Amendment. *Torres*, 182 S.W.3d at 902; *Hitchcock*, 118 S.W.3d at 848.

### The Evidentiary Record

The record shows that Ford testified that he was stopped by a Deputy Howard Halcomb of the Fannin County Sheriff's Department on June 19, 2007, at 11:00 p.m., and that Halcomb conducted a warrantless search of Ford's truck. The State did not cross-examine Ford and stipulated that Halcomb made a warrantless search of Ford's vehicle.

Deputy Halcomb neither appeared nor testified at the suppression hearing. In fact, the State offered no live witness testimony. Instead, the State merely offered an unsigned, undated copy of Halcomb's police report as evidence to support the State's position that Halcomb had probable cause to search Ford's vehicle. The copy of Halcomb's police report that was ultimately admitted into evidence by the trial court was neither in the form of an affidavit nor was it accompanied by any form of affidavit.

Ford objected to admission of the report as a violation of (1) the hearsay rule, (2) his Sixth Amendment right to confront the witnesses against him, (3) the evidentiary rule requiring a sponsoring witness for the admission of documentary evidence, and (4) the rule(s) requiring a supporting basis for admission of the police report. The trial court overruled Ford's objections, admitted the deputy's report, and ultimately overruled Ford's suppression motion based on the content of that report.

The trial court's written findings of fact and conclusions of law recite,

1. That Deputy Howard Halcomb of the Fannin County Sheriff's Office observed a red GMC pickup, with Texas license plate number 07TNH2 towing a trailer that had no operational running lights.

2. That Deputy Halcomb, upon observing the trailer being towed without operational running lights did initiate a traffic stop of the red GMC pickup in the 8000 block of Highway 121 in Randolph, Texas located in Fannin County.

3. That under the Texas Transportation Code Chapter 547, a person commits a misdemeanor offense if a person operates or moves a vehicle that is unsafe so as to endanger a person or is not equipped in a manner that complies with the vehicle equipment standards and requirements established by that chapter.

4. That the Texas Transportation Code Chapter 547 requires that a vehicle display required lights, including stop lamps and turn signals, at nighttime or whenever visibility is significantly reduced.

5. That the traffic stop initiated by Deputy Halcomb occurred at nighttime on June 19th, 2007.

6. That Deputy Halcomb made contact with the driver of [the] red GMC pickup.

7. That Deputy Halcomb identified the driver of [the] red GMC pickup as Ross Layton Ford.

8. That during the traffic stop and from outside the defendant's vehicle, Deputy Halcomb observed three opened Miller Lite beer cans inside the passenger compartment of the red GMC pickup.

9. That the three opened beer cans inside the passenger compartment were a violation of the Open Container Law under Texas Penal Code 49.031.

10. That Deputy Halcomb's observation of the three open beer cans constituted probable cause to search all areas of defendant's vehicle where an open container of alcohol could be stored under the automobile exception to the warrant requirement.

11. That during the search of defendant's vehicle Deputy Halcomb smelled the odor of marijuana inside the passenger compartment of the red GMC pickup.

12. That during the search of defendant's vehicle Deputy Halcomb recovered a baggie containing a green leafy substance that resembled marijuana from the passenger compartment of the red GMC pickup.

13. That the green leafy substance recovered by Deputy Halcomb from the passenger compartment of the red GMC pickup was a usable amount of marijuana.

14. That during an investigative state, Deputy Halcomb asked both the defendant and the vehicle's passenger, Vernon Stephens, who the marijuana belonged to.

15. That the defendant, Ross Layton Ford, voluntarily admitted to sole ownership of the marijuana found in his vehicle.

16. That after the defendant's admission of sole ownership of the marijuana, Deputy Halcomb then placed the defendant, Ross Layton Ford, under arrest.

17. That all statements made by defendant prior to the arrest were noncustodial and voluntarily made by defendant.

18. That the report submitted by Deputy Halcomb and entered into evidence is credible, and the Court accepts as true the submission of his offense report regarding his observations of the defendant and his conversations with the defendant.

The only record evidence to support these findings and conclusions came from Deputy Halcomb's report.

### *Distinguishing* Granados v. State, 85 S.W.3d 217 *(Tex.Crim.App.2002)*

The State relies heavily on *Granados* for the proposition that none of the Texas Rules of Evidence (save those for privileges) apply at a pretrial suppression hearing. While the Texas Court of Criminal Appeals did make such a statement in *Granados,* we do not believe the parameters of that decision extend as far as the State would now seek to extend them so as to include the situation presented in this case.

A Williamson County jury had convicted Granados of capital murder and returned a death sentence. On automatic direct appeal, the Texas Court of Criminal Appeals overruled his contention that the trial court erred by considering a police officer's hearsay testimony regarding a tele-

phone conversation with another witness during a suppression hearing. The court noted that the Texas Rules of Evidence had been amended to effectively permit a trial court to consider hearsay evidence testimony at a pretrial suppression hearing. *Id.* at 226–29.

*Granados* involved a trial court determining the merits of a suppression hearing based on live testimony. As noted previously, trial courts have been legislatively authorized to conduct suppression hearings based on live testimony. TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1(6). The Texas Court of Criminal Appeals said in *Granados* that this live testimony may contain hearsay, and a lower court does not err by admitting and considering the merits of such hearsay testimony in exercising the trial court's evidentiary gatekeeper function. *Granados,* 85 S.W.3d at 229–30.

In the case now before this Court, the trial court was determining the merits of a suppression motion based on live testimony and affidavit testimony. Both methods—even using both in conjunction—have been legislatively authorized. TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1(6). However, to properly conduct a hearing on affidavits, a trial court must admit only evidence that is supported by an affidavit, otherwise the Legislature's effort to specifically denominate that type of hearing becomes merely superfluous. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 2005) (in enacting statute, it is presumed that entire statute is intended to be effective); *Scherl v. State,* 7 S.W.3d 650, 653 (Tex.App.-Texarkana 1999, pet. ref'd) ("when a statute conflicts with a rule of evidence, the statute prevails").

Similarly, in *Turner v. State,* 132 S.W.3d 504, 508 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd), also relied upon by the State in its brief, the trial court denied a motion to suppress based on live witness testimony that included hearsay. The appellate court specifically noted that such hearsay testimony could be provided by the live witness because the hearsay rules do not apply during suppression hearings. *Id.*

Yet, the procedural evidentiary posture faced by the trial court in *Harris* is not what we have here: The trial court in our case did not hear live testimony from any State's witnesses through which hearsay could have been properly admitted. Instead, the State pinned its hopes solely on its unsworn documentary evidence. Although this evidence was presumably admitted by the trial court in connection with its legislative authorization to conduct a suppression hearing via affidavit-sponsored evidence, the State failed to provide any form of affidavit in support of Deputy Halcomb's offense report. Thus, *Harris* (like *Granados* ) provides no authoritative support for the trial court's decision to admit and consider that police report in this case because the evidence now at issue was admitted by the trial court pursuant to a different legislatively authorized suppression hearing format.

### Distinguishing Fischer v. State, 252 S.W.3d 375 *(Tex.Crim.App.2008)*

On appeal, Ford contends the trial court erred because the officer's report contained inadmissible hearsay. Ford relies primarily on *Fischer* to support his position that any type of police report that involves reflective thinking is automatically excluded from admission by the hearsay rule.

In *Fischer,* the defendant sought the suppression of the recorded audio portion of the Department of Public Safety trooper's observations concerning Fischer's performance on the standardized field sobriety tests. 252 S.W.3d at 377. The issue faced by the trial court was whether the

audio portion of the driving while intoxicated videotape would be subsequently admissible at trial. *Id.* at 377–78. The trial court ultimately denied Fischer's suppression motion. *Id.* at 378. On discretionary review, the Texas Court of Criminal Appeals affirmed the Fourteenth Court of Appeals's holding that the trial court erred because such audio recordings did not properly qualify as a "present sense impression" that should be excepted from the hearsay rule but, instead, constituted a "speaking offense report." *Id.* at 376, 378, 379–84 & 387.

We believe *Fischer* provides no guidance in the case now before us because the discrete issue in *Fischer* and that presented here are dissimilar. In *Fischer,* the issue was whether the audio portion of an exhibit would have been later admissible at a jury trial; the issue before us in this case is whether the trial court erred by considering the substance of Deputy Halcomb's police report in determining that evidence seized during the search was obtained in violation of the Fourth Amendment.

### Application of Law to Facts

■ While Ford's reliance on *Fischer* is misplaced, his thesis that the trial court erred by admitting and considering Deputy Halcomb's police report, unaccompanied as it was by any form of affidavit or sponsoring testimony, is correct. A trial court is permitted to rule on a suppression hearing based on the motion itself, based upon competing affidavits, and/or based upon live testimony. Tex.Code Crim. Proc. Ann. art. 28.01, § 1(6); *Brunner,* 917 S.W.2d at 105. In this case, the trial court's denial of the suppression motion was based exclusively upon consideration of Deputy Halcomb's police report. There was neither any form of affidavit nor any live testimony offered by the State to support admission of this document. The trial court's

findings of fact and conclusions of law make explicitly clear that the sole basis for denying Ford's suppression motion was the content of this unsworn and otherwise unsupported evidence.

Because the State failed to support the admission of the police report with any form of affidavit and because such an affidavit (absent live testimony) has been statutorily required for a suppression hearing, we conclude the trial court erred in applying the applicable law to the facts of the case when the trial court admitted and considered Deputy Halcomb's report.

Once Deputy Halcomb's improperly admitted report is removed from consideration, there remains no evidence in the appellate record to support the trial court's ultimate legal conclusion that Deputy Halcomb's search of Ford's truck was permissible under an exception to the Fourth Amendment. The trial court, therefore, erred by overruling Ford's motion to suppress.

### Conclusion

Our law expressly permits a trial court to consider affidavit evidence in ruling on a motion to suppress evidence. In this case, the State failed to accompany its proffered documentary evidence with either some form of affidavit or live, sponsoring witness testimony. It is not enough for the State to ignore the requirements of Article 28.01, § 1(6) and merely read a police report to the trial court and then tender it—unsigned, undated, and unverified—as was done here.

The trial court should not have admitted and considered the proffered documentary evidence. Excluding this improperly admitted evidence, nothing remains in the record to support the trial court's decision that the State met its burden to establish an exception to the Fourth Amendment's

prohibition against warrantless searches. We sustain Ford's sole appellate issue.

We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.