Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00927-CR

Michael Gene **KUHN**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. CR08-0549
Honorable Spencer W. Brown, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   September 9, 2009

AFFIRMED

Michael Gene Kuhn, Jr. pled no contest to the offense of driving while intoxicated after the

trial court denied his pre-trial motion to suppress. Kuhn presents four points of error on appeal,

contending: (1) the State failed to prove the offense occurred in Kerr County, Texas; (2) the State

failed to prove Kuhn's identity as the defendant; (3) the arresting officer lacked reasonable suspicion

to stop Kuhn's vehicle; and (4) the admission of an audio tape of a 911 call violated Kuhn's right

to confrontation. We affirm the trial court's judgment.

## INSUFFICIENT PROOF

In his first two points of error, Kuhn asserts the State failed to prove the location of the offense and his identity at the pre-trial suppression hearing. The State responds that Kuhn's complaints are waived or sufficient proof was offered.[1]

"[T]he statutes authorizing pre-trial proceedings do not contemplate a 'mini-trial' on the sufficiency of the evidence to support an element of [an] offense." *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005). "The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case itself." *Id*. "In a pretrial setting there is no constitutional or statutory authority for an accused to raise and a trial court to determine the sufficiency of the evidence to support or defeat an alleged element of an offense." *State v. Bartee*, 894 S.W.2d 34, 40 n.4 (Tex. App.—San Antonio 1994, no pet.). Furthermore, Kuhn has not cited any authority, and we have found none, to support the contention that the State is required to prove where the offense occurred before the trial court can rule on a pre-trial motion to suppress. *See Estrada v. State*, 148 S.W.3d 506, 507-08 (Tex. App.—El Paso 2004, no pet.) (noting lack of authority to support proposition that State is required to prove location of offense at hearing on pre-trial motion to suppress). Accordingly, because the State was not required to prove the location of the offense or Kuhn's identity at the pre-trial suppression hearing, Kuhn's first two points of error are overruled.

## REASONABLE SUSPICION

In his third point of error, Kuhn asserts "the arresting officer lacked reasonable suspicion to stop [Kuhn's] vehicle for two weaves onto the shoulder of the roadway." The State responds, "If

---

[1] Although we address the merits of Kuhn's contentions, we do note that Kuhn's attorney stated the following at the beginning of the hearing on the motion to suppress, "Just for expediency purposes, we're just contesting the reasonable suspicion to stop."

weaving were the only factors [sic] considered by the Trooper, Appellant's contention might have some merit; however, Appellant has ignored or glossed over the fact that there were additional factors."

"An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A determination of whether reasonable suspicion exists to support a temporary detention is made by considering the totality of the circumstances. *Id.* at 492-93. In evaluating the totality of the circumstances, we give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of the law to facts. *Id.* at 493. "Because the trial court did not make explicit findings of fact in this case, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record." *Id.*

"Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Id.* at 492. "This is an objective  standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists." *Id.* "In other words, the subjective reasons uttered by the officer to legitimize the stop have no bearing on the outcome if the totality of the circumstances nonetheless would lead a police officer to reasonably suspect that crime is afoot." *State v. Patterson*, No. 07-08-00485-CR, 2009 WL 1812827, at *2 (Tex. App.—Amarillo June 23, 2009, no pet. h.).

Although Kuhn focuses on the arresting officer's testimony regarding his weaving, the officer also testified that he activated his radar prior to stopping Kuhn and captured Kuhn "traveling 72 miles an hour in a 65-mile-an-hour speed zone." In the videotape of the stop, the officer is heard remarking that Kuhn's speed was 72 miles an hour. Although the officer admitted that he mistakenly omitted Kuhn's speed from his written report, the trial court could have found that Kuhn was speeding based on the officer's testimony and the videotape despite its omission from the written report. Accordingly, because the trial court could have determined that Kuhn's excessive speed provided reasonable suspicion to support his stop, we do not address the evidence relating to Kuhn's weaving onto the shoulder of the road. Kuhn's third point of error is overruled.

### CONFRONTATION CLAUSE

In his final issue, Kuhn contends his confrontation rights were violated when an audio tape of a 911 call was admitted into evidence at the pre-trial suppression hearing. The 911 caller reported that he had observed a camouflage jeep weaving onto the shoulder of the road. Based on a dispatch of the information reported in the 911 call, the arresting officer was watching for a camouflage jeep, which is the type of vehicle Kuhn was driving. The State responds that the right of confrontation is applicable only to testimony at trial.

There is a split of authority among our sister courts with regard to whether the constitutional right of confrontation applies at pre-trial suppression hearings or is only a trial right. *Compare Vanmeter v. State*, 165 S.W.3d 68, 74-75 (Tex. App.—Dallas 2005, pet. ref'd) (holding right of confrontation is a trial right) *and Ford v. State*, 268 S.W.3d 620, 621-22 (Tex. App.—Texarkana 2008, pet. granted) (same) *with Curry v. State*, 228 S.W.3d 292, 298 (Tex. App.—Waco 2007, pet. ref'd) (disagreeing with *Vanmeter* and holding protections of Confrontation Clause extend to pretrial

suppression hearing). We need not resolve whether the right to confrontation applies at pre-trial suppression hearings in this case because even assuming Kuhn's confrontation rights were violated, any error in admitting the 911 tape was harmless for the following reason.

"When constitutional error has been found and harmless-error analysis is required, we must reverse the judgment of the trial court unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Vinson v. State*, 266 S.W.3d 65, 67 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also* TEX. R. APP. P. 44.2(a). In making this determination, we consider: (1) how important the erroneously admitted evidence was to the State's case; (2) whether the erroneously admitted evidence was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence on material points; and (4) the overall strength of the State's case. *See Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007); *Vinson*, 266 S.W.3d at 67-68.

In this case, we consider whether we can determine beyond a reasonable doubt that the admission of the 911 tape did not contribute to the trial court's denial of the motion to suppress. The arresting officer's testimony that his radar revealed Kuhn speeding, regardless of the reason the arresting officer was observing Kuhn's vehicle, provided reasonable suspicion for the stop. Accordingly, assuming the admission of the 911 tape violated Kuhn's right of confrontation, its admission was harmless.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

DO NOT PUBLISH