

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1753-08

### ROSS LAYTON FORD, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### FANNIN COUNTY

**Meyers, J.,** *filed a dissenting opinion.*

### DISSENTING OPINION

Appellant's sole issue on his appeal to the court of appeals read as follows:

The Trial Court erred in denying the Motion to Suppress as there was no evidence or insufficient evidence offered by the State of Texas to support the warrantless search of Appellant's vehicle; such alleged evidence being the inadmissible arrest report.

It seems apparent from Appellant's pleadings that his issue embodied the traditional

request to courts of appeals when they review the correctness of a suppression hearing: Is

the record sufficient to affirm the trial judge's ruling? *Whitehead v. State*, 130 S.W.3d

866, 872 (Tex. Crim. App. 2004). Simply put, it is really only a sufficiency review.

Unfortunately for the Appellant, the Rules of Evidence do not apply, and consequently, the Fannin County Police Department's report was admissible. TEX. R. EVID. 104(a).

Therefore, I agree with the majority that a trial judge may base a ruling at a suppression hearing on an unsworn arrest report; the court of appeals's conclusion that the arrest report was improperly admitted is incorrect.[1] *Ford v. State*, 268 S.W.3d 620, 625 (Tex. App.–Texarkana 2008). However, instead of returning this case to the court of appeals, the majority performs their own sufficiency review, finding the arrest report adequate to raise probable cause for the search. I, however, would remand this case to the court of appeals to determine whether the arrest report, viewed in the light most favorable to the trial court's ruling, supports the trial court's findings of fact.[2] *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). In previous cases, when faced with similar suppression-hearing issues, we have allowed courts of appeals the opportunity to remedy flawed analyses by remanding for further proceedings consistent with our holdings. *See Montanez v. State*, 195 S.W.3d 101 (Tex. Crim. App. 2006); *Wright v. State*, 7 S.W.3d

---

[1]The trial court denied Appellant's motion to suppress based upon the arrest report of Deputy Halcomb. The court of appeals, in performing its sufficiency analysis, reversed the trial court's judgment, concluding that the arrest report was improperly admitted at the suppression hearing because the State did not offer an affidavit in support of the report. *Ford*, 268 S.W.3d at 625. Due to that evidentiary determination, nothing remained to support the trial court's decision that the search was permissible under an exception to the Fourth Amendment. *Id.* at 625-26.

[2]After a trial judge denies a motion to suppress and enters findings of fact, the first step for an appellate court is to determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports that court's findings. *Keehn*, 279 S.W.3d at 334.

148 (Tex. Crim. App. 1999). If the court of appeals were able to evaluate the evidence presented at the suppression hearing, I believe it would decide that the arrest report does not support the trial court's findings of fact.

Following the hearing on Appellant's motion to suppress, the trial court found "[t]hat Deputy Halcomb's observation of the three open beer cans constituted probable cause to search all areas of defendant's vehicle where an open container of alcohol could be stored under the automobile exception to the warrant requirement."[3] The automobile exception to the Fourth Amendment's warrant requirement allows law enforcement officials to conduct a warrantless search of a vehicle if (1) it is readily mobile and (2) there is probable cause to believe that it contains contraband.[4] *Keehn*, 279 S.W.3d at 335. The latter element of the automobile exception is the problem here.

Deputy Halcomb did not have probable cause to believe that Appellant's vehicle contained contraband; rather, he knew with certainty that Appellant's vehicle contained evidence of the open container violation. It is clear from Deputy Halcomb's arrest report

[3]Though the court justified the search under the automobile exception, the conclusory paragraph contained language relating to the plain view exception: "that open alcoholic beverage containers were in plain view in the passenger compartment . . . that the observation of the open alcoholic beverage containers in plain view gave probable cause to search the red GMC pickup . . . ." We recently explored the distinctions between the automobile and plain view exceptions, and the plain view exception would not apply in this case. *Keehn*, 279 S.W.3d at 335. Without exigent circumstances, plain view "can never justify a search and seizure without a warrant when law enforcement officials have no lawful right to access an object." *Id.*

[4]The automobile exception does not require exigent circumstances. *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999).

that he knew Appellant had violated Texas open container law before commencing the search. Deputy Halcomb was unavailable to testify at the suppression hearing, but his arrest report stated that he stopped Appellant's vehicle for towing a trailer without operational running lights. From outside the vehicle, he saw three opened beer cans in the passenger compartment. At that point, Deputy Halcomb informed Appellant "that the open beer cans were a violation of Texas open container law." TEX. PENAL CODE ANN. § 49.031 (Vernon 2003). After that, the deputy searched for "additional alcohol."

Upon seeing the three opened beer cans, the deputy knew that Appellant had violated Texas Penal Code Section 49.031. *Id.* And, importantly, there was no need to commence a search for "additional alcohol" because possession of one *or more* open containers in a single criminal episode is a single offense.[5] *Id.* Under Section 49.031, Deputy Halcomb should have issued a written citation and notice to appear; and, if Appellant signed the citation and notice to appear, Appellant should have been released.[6] *Id.*

Finally, and most importantly, the majority concludes that the arrest report

---

[5]Section 49.031 Subsection (b) states: "A person commits an offense if the person knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway . . . . Possession by a person of one or more open containers in a single criminal episode is a single offense." TEX. PENAL CODE ANN. § 49.031(b) (Vernon 2003).

[6]Section 49.031 Subsection (e) states: "A peace officer charging a person with an offense under this section, instead of taking the person before a magistrate, shall issue to the person a written citation and notice to appear . . . . If the person makes a written promise to appear before the magistrate by signing in duplicate the citation and notice to appear issued by the officer, the officer shall release the person." TEX. PENAL CODE ANN. § 49.031(e) (Vernon 2003).

"contains sufficient indicia of reliability to serve as the factual basis for the trial court's ruling," but I don't know what this means. Apparently, the majority has done their own sufficiency analysis of all the evidence in relation to the trial court's findings.[7] But as I previously pointed out, the officer's report fails to bring forth facts setting out reasonable suspicion or probable cause to conduct a search of Appellant's truck. This should be the issue for the court of appeals to resolve on remand.

In conclusion, while I agree with the majority that the trial court was permitted to consider the arrest report, I feel that the court of appeals should now be given the opportunity to review the arrest report and decide whether it supports the trial court's findings of fact.[8] Therefore, I respectfully dissent.[9] Because there was no applicable exception authorizing a warrantless search of Appellant's vehicle, I believe the resulting conclusion would be that the trial judge erred in denying the motion to suppress.

---

[7]Neither the court of appeals nor the majority discussed whether the arrest report was *legally* correct to sustain the judge's ruling. Obviously, the majority feels their conclusion is sufficient to justify a judge ruling that a warrantless search is OK in a case like this. I find this to be significant and unfortunate.

[8]Once again, this would be exactly what Appellant requested in his point of error to the court of appeals.

[9]By concluding that a trial judge may base a suppression-hearing ruling on an unsworn police report, the majority now reaffirms a rule to which I was first opposed in *Granados v. State*, 85 S.W.3d 217, 241 (Tex. Crim. App. 2002) (Meyers, J., dissenting): "Now, so long as there is some evidence in favor of the ruling on the motion to suppress, regardless of how unreliable that evidence might be, the trial judge cannot abuse his discretion." In my dissent to that majority opinion, I predicted the exact situation presented in this case: "Under the majority's reading of the law, there is now nothing to prevent a trial court from deciding the merits of a suppression motion by relying exclusively on an unsworn police report or lab report." *Id.* at 240.

Meyers, J.

Filed: October 21, 2009

Publish